**Arthur TURNER, Appellant,**

v.

**DAVIS, WICK, ROSENGARTEN CO., Inc., Appellee.**

**No. 1953.**

Municipal Court of Appeals for the District of Columbia.

Argued March 11, 1957.

Decided April 24, 1957.

---

1. 6 C.J.S., Assignments, § 74.

Arthur Turner, appellant, pro se.

N. Meyer Baker, Washington, D. C., with whom Harold A. Kertz, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellee sued appellant for $2,133.39, alleged to be the balance due under a construction contract. The defense was that the work had not been performed satisfactorily, and also that in its performance appellee's employees had negligently damaged the property. These factual issues were tried before the court without a jury and the court awarded appellee judgment for the full amount claimed.

Although represented by counsel at trial, appellant has prosecuted this appeal without benefit of counsel. His brief is mainly directed at the claim that the trial judge should not have heard this case because of his acquaintance with an employee of appellee who was a witness in the case. The record shows that when the case was called for trial the following occurred:

"The Court: Are you ready?

"Mr. Baker (counsel for plaintiff): Yes, sir.

"Mr. Kamerow (counsel for defendant): Ready.

"The Court: The Court sees Mr. Lee Kemp in the courtroom, and the Court wants counsel for both parties to know that the Court knows Mr. Lee Kemp very favorably, have known him for a great many years. Does that have any bearing on the case, in your opinion, or any reason you do not wish me to hear it?

"Mr. Baker: Of course, Mr. Kemp is one of our witnesses, if the Court pleases, having been the comptroller for the plaintiff corporation for many, many years.

"Mr. Kamerow: Well, what type of testimony is he going to give?

"Mr. Baker: Mr. Kemp will testify as to the contract itself, its preparation, its acceptance, and the payments under the contract, all of which I think you concede.

"Mr. Kamerow [after conferring with the defendant]: There is no reason—we probably will be conceding all of that anyway, so it won't make any difference.

"The Court: Very well, I just wanted you to know that the Court knows Mr. Lee Kemp. Very well. Proceed with the case."

It is quite apparent that the trial judge properly informed counsel and parties of his long and friendly acquaintance with the prospective witness and afforded full opportunity to ask for transfer of the case to another judge if it was felt necessary or even desirable. After conference with his client appellant's counsel expressed his willingness that the judge hear the case. It is now too late to say that the judge should have disqualified himself. One who declines an opportunity to object before trial cannot be allowed to hold his objection in reserve to await the outcome of the case. Other objections of appellant are equally without merit.

Affirmed.